MARCELINO MICHEO GARCÍA, Plaintiff, Appellee and Appellant, *v.* ANTONIO VALLÉS MONTEQUÍN, Defendant, Appellant and Appellee.

No. 11018. Argued February 1, 1954.—Decided February 16, 1954.

*César Vélez González* for appellant-appellee. *Gilberto R. Padró Díaz* for appellee-appellant.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Marcelino Micheo García filed a complaint in the Arecibo Section of the former District Court of Puerto Rico for recovery of wages against Antonio Vallés Montequín. He alleged that the defendant contracted for his services as operator of a mechanical shovel for the agreed price of $66 for 44 hours of work a week, that is, at the rate of $1.50 per hour, agreeing further to pay him, upon termination of the work for defendant, the hours worked in excess of 44 hours a week at the rate of $3 an hour. He alleged further that he worked for defendant from September 1949 to June 28, 1950, a total of 392 extra hours which the defendant has refused to pay him, although he is entitled to be paid in accordance with the covenant and § 3 of Mandatory Decree No. 11 of the Minimum Wage Board.

Defendant denied all the facts of the complaint, alleging as affirmative defense that he hired plaintiff to work for him at the rate of $65 a week from the week beginning September 14, 1949 to the week beginning October 5 of the same

year, and at the rate of $66 a week from October 12, 1949 to the week which commenced June 21, 1950, and that all services rendered by plaintiff to defendant were paid in full.

A hearing was held on the merits and the lower court rendered judgment sustaining the petition in part, after announcing the following findings of fact:

"1. Marcelino Micheo García and Antonio Vallés Montequín entered into a verbal contract whereby the former agreed to work as operator of a mechanical shovel in the road construction project of the latter in Arecibo, at a salary of $65 a week. The parties did not stipulate the number of hours in a working week, according to the terms of the contract.

"2. By virtue of the aforesaid contract, plaintiff worked for defendant in the agreed capacity from early in September 1949 until June 28, 1950, or a total of 43 weeks.

"3. Plaintiff received the fair and reasonable compensation to which he was entitled for the weeks worked, the payments for which were tendered on the following dates: September 7, 14, 21 and 28, October 5, 1949, and January 11, February 8 and 15, and April 12, 1950.

"4. It was the intention of the parties at the time of making the said contract that the number of regular hours to be worked in a week by plaintiff would be that permitted by the laws governing the matter and, consequently, the working week would be 48 hours. The regular wage rate per hour under the contract between the parties is $1.35 and $2.70 for overtime.

"5. The statement which is made a part of these conclusions marked 'Exhibit A' is, in the opinion of the court, a true expression of the dates when payments were tendered, the number of regular and extra hours worked, the payment received for those accounts and the differences owing by defendant to plaintiff.

"6. The compensation received by plaintiff was different from and lower than that stipulated by the parties under the contract, and defendant owes plaintiff the sum of $586.90 covering the difference between the amounts paid for regular and extra hours and the amount which he was bound to pay under the terms of the contract."

Both parties appealed. Defendant maintains that the trial court erred (1) in deciding that the parties did not

stipulate the number of hours which would constitute a working week; (2) in deciding that it was the intention of the contracting parties that the number of hours [which would constitute the maximum working week] would be that permitted by the laws governing the matter, fixing the same at 48 hours; (3) in making the mathematical computation of the work performed by plaintiff; (4) in admitting in evidence the envelopes presented by plaintiff showing notes on the alleged extra hours; (5) in deciding that the compensation received by plaintiff is lower than that stipulated; and (6) that the evidence is insufficient to support the judgment appealed from.

In the discussion of the first two assignments, defendant-appellant argues that the lower court did not rely on the evidence heard to conclude that it was the intention of the parties that the number of hours to be worked by plaintiff per week would be that permitted by the laws governing the matter, and in this connection states in his brief as follows: "As we have proved in the discussion of the foregoing assignment, the intention of the parties is clear that the number of hours worked would be 44 regular hours, for which plaintiff-appellee would receive no less than $65; in other words, we believe that the court erred in deciding that the work week was 48 hours, since the express intention of the contracting parties, as evidenced by the specific citations made from the stenographic record, was that the work week would be 44 hours." Although the position taken by defendant-appellant, far from being favorable is prejudicial, as will be seen later in this opinion, such is not the situation in fact. The evidence as respects the work contract was contradictory. While plaintiff maintained that the maximum work week agreed upon was 44 hours on the basis of a weekly salary of $65, defendant on the contrary alleged that no stipulation was made as to the number of hours which would constitute the maximum working week.

In view of this conflict, the lower court held that there was no agreement on this point and, consequently, fixed the working week at 48 hours pursuant to Act No. 379, approved May 15, 1948 (Sess. Laws, p. 1254). However, the trial court erred in fixing the maximum working week at 48 hours, in the absence of an express agreement between the parties, as announced in its findings of fact. The grounds in support of this conclusion will be set forth hereinafter.

 The other assignments, with the exception of No. 4, deal with the weighing of the evidence and are in fact without merit. The fourth assignment challenges the admission in evidence of the weekly pay envelopes, on which plaintiff noted down the extra hours worked. The error, if committed, was harmless. In the course of his testimony, plaintiff testified that he kept a record of the hours worked by him every week; that such record appeared on the back of the pay envelopes and that he made those notes himself every week as soon as he received and opened the envelope and took out the money in cash. Thereupon his attorney offered those envelopes in evidence and appellant objected alleging that they had not been duly identified. Plaintiff then proceeded to identify the notes appearing on the envelopes and, as he did so, he kept on testifying, without objection on the part of defendant, on the week corresponding to each envelope, salary received and number of hours worked, keeping in that fashion a full statement of the number of hours worked while in defendant's employ. On the other hand, defendant cross-examined plaintiff at length on the notes written on the back of the envelopes. In view of such circumstances, the subsequent admission of the envelopes in evidence is not reversible error.

As stated above, the trial court erred in fixing the legal working week at 48 hours. Consequently, it held that in order to determine the wage rate agreed upon for regular working hours, it was necessary to divide the weekly salary

by the number of regular and legal hours to be worked in a week, namely, 48 hours. True, § 2 of Act No. 379 of May 15, 1948 provides that 8 hours of work constitute the legal working day in Puerto Rico, and that 48 hours of work constitute a working week. This is correct except, among other instances, where by decree of the Minimum Wage Board the maximum working day is less than 8 hours a day. Section 6 of Act No. 379. Mandatory Decree No. 11 of the Minimum Wage Board fixes in § 3 a work week of 44 hours for employees of the construction industry. Therefore, that is the legal working week for this class of workers. See § 21 of Act No. 8 of April 5, 1941 (Sess. Laws, p. 302), as amended. Consequently, the lower court should have fixed the hourly wage rate received by the laborer, for the purpose of computing his compensation for extra hours, on the basis of the maximum work week, which is 44 hours. *Ayala* v. *District Court*, 71 P.R.R. 222.

It follows from this conclusion that both the computation of the extra hours worked by plaintiff for defendant and the amount of compensation to which he is entitled on that account have been erroneously determined in Exhibit A, which the lower court attached to its findings. The case will be remanded to the lower court for the fixing of the compensation owed to plaintiff in conformance with the rule herein set forth.

The second assignment made by plaintiff-appellee-appellant remains to be considered. This assignment alleges that the amount of $50 for attorney's fees is unreasonable. He is correct. That sum will be increased to $150.

In view of the foregoing reasons, the judgment appealed from is reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.